**FILED**

NOV 28 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,    :
                             :
v.                           :    Criminal No. 05-0061 (ESH)
                             :
KEVIN POWELL,                :
                             :
         Defendant.          :
_____:

## MEMORANDUM OPINION

A jury convicted defendant Kevin Powell, Jr., of unlawful possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii); unlawful possession with intent to distribute cocaine base within 1000 feet of a school, in violation of 21 U.S.C. § 860(a); using, carrying, or possessing a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1); and unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). At sentencing on November 21, 2005, the Court imposed a sentence of 240 months' incarceration with eight years' supervised release. This Memorandum Opinion sets forth the reasons for that sentence.

## BACKGROUND

Grouping all but his conviction under § 924(c), the presentence investigation report placed Powell at an offense level of 28. (PSIR at 6.) Based on his three prior state felony convictions -- a December 3, 1996, conviction for possession of a controlled substance with intent to distribute, a September 22, 1997, conviction for attempted distribution of 19.8 grams of cocaine, and a May 4, 2000, conviction for possession with intent to distribute 25.6 grams of crack cocaine and 4.6 grams of powder -- the report calculated Powell's criminal history as



falling within category V. (*Id.* at 11.) This, when adjusted to account for the five-year consecutive sentence required as a result of his conviction under § 924(c), placed Powell at a range of 190 to 212 months. However, because Powell had been convicted of violating § 924(c) while "at least eighteen years old" and after "at least two" prior felony drug convictions, the report classified him as a career offender under Guidelines § 4B1.1 and recommended the corresponding range of 360 months to life imprisonment -- a term exceeding Powell's unenhanced range by twelve years or more. (*Id.* at 7.) *See* U.S.S.G. § 4B1.1(a), (c)(3). A revised version of the report noted that Powell's present conviction under § 922(g) and "three previous convictions . . . for . . . serious drug offense[s]" satisfied the requirements of the armed career criminal statute, 18 U.S.C. § 924(e), and thus required a statutory minimum of fifteen years' imprisonment in addition to the five-year consecutive sentence of § 924(c). (PSIR at 7.) *See* 18 U.S.C. 924(e)(1) ("In the case of a person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years.").

The government requested a sentence of 360 months to life, submitting memoranda defending the "wisdom and reasonableness of the Guidelines" and the appropriateness of the 1:100 crack to powder cocaine equivalency ratio. (*See* Government's Mem. in Aid of Sentencing at 6; Government's Rep. to Def's. Mem. in Aid of Sentencing.)[1] The defense,

---

[1] Since the Court relied on other factors to support its non-Guideline sentence, it has not addressed the government's argument regarding the disparity between crack and powder. Given the quantities at issue in this case and the existence of a firearm, that disparity did not have a meaningful impact on the Guideline sentence.

without addressing the statutory minimums applicable to Powell,[2] contended that a sentence of approximately 120 months would be reasonable. (Def's. Mem. in Aid of Sentencing at 25.) The Court rejected both approaches, and for reasons explained below, it imposed a 240-month term of imprisonment.

## LEGAL ANALYSIS

As the result of *United States v. Booker*, 125 S. Ct. 738 (2005), the Sentencing Guidelines are "effectively advisory." *Id.* at 757. While a court is still required to give weight to applicable Guidelines ranges, it is also obligated "to tailor the sentence in light of other statutory concerns." *Id.* (citing 18 U.S.C. § 3553(a)). Pursuant to § 3553, a court must therefore consider "the nature and circumstances of the offense and the history and characteristics of the defendant" and "impose a sentence sufficient, but not greater than necessary . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" "to afford adequate deterrence to criminal conduct;" "to protect the public from further crimes of the defendant;" and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2). In no case, however, may the Court impose a sentence less severe than that required under the applicable statutes.

---

[2] At sentencing, the defense objected to application of the armed career criminal statute's fifteen-year minimum on the grounds that Powell's September 22, 1997 Maryland conviction for attempted distribution of cocaine was not a "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance," and did not therefore qualify under § 924(e). *See* 18 U.S.C. § 924(e)(2)(A)(ii). This argument was rejected based on *United States v. Alexander*, 331 F.3d 116, 131 (D.C. Cir. 2003), where the Court held that an "earlier conviction of *attempted* possession 'involv[ed]' possession with intent to distribute a controlled substance" and was thus properly considered in imposing a mandatory minimum sentence under 18 U.S.C. § 924(e)(1). *Id.* (emphasis added).

Here, consideration of these factors leads the Court to conclude that a sentence of 360 months to life imprisonment would be significantly "greater than necessary" to satisfy the purposes set forth in § 3553(a).[3] First, application of the career offender guideline -- which effectively places Powell within criminal history category VI and at an offense level of 37, *see* U.S.S.G. § 4B1.1(c)(3) -- substantially overstates Powell's criminal history and the nature of his present offense. While Powell has now been convicted of four drug-related felonies, each involved small quantities of drugs and none involved any claim of violence. *See* PSIR at 5, 9-10 (listing drug amounts of 19.8 grams of cocaine in September of 1997, 25.6 grams of crack cocaine and 4.6 grams of powder cocaine in May of 2000, and 15.4 grams of crack cocaine here). This is not a case involving a defendant prosecuted for moving significant quantities of drugs as part of a larger distribution conspiracy, an important fact that is totally ignored by the career offender provision. *See* U.S.S.G. § 4B1.1(a) (defining "career offender" as including all adults convicted of a drug felony after having received "at least two prior felony convictions of . . . a controlled substance offense," without reference to the circumstances of the present or prior offenses); *United States v. Carvajal*, 2005 WL 476125 (S.D.N.Y. 2005) ("[T]he Guidelines for Career Offenders are the same regardless of the severity of the crimes, the dangers posed to victims' and bystanders' lives, and other appropriate criteria."); *United States v. Qualls*, 373 F.Supp 2d 873, 875 (E.D. Wis. 2005) (declining to impose a punishment within the career offender guideline range where defendant's previous convictions involved small amounts of

---

[3] In its Memorandum in Aid of Sentencing, the defense requested that the Court grant a downward departure under Guidelines § 4A1.3 based on the overrepresentation of Powell's criminal history and likelihood of recidivism. Because Powell qualifies as an armed career criminal, a § 4A1.3 departure is not available in this case. *See* U.S.S.G. § 4A1.3(b)(2)(B) ("A downward departure under this subsection is prohibited for . . . an armed career criminal within the meaning of § 4B1.4."); *id.* § 4B1.4 ("A defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal.").

drugs and where defendant, though part of a "large" cocaine distribution conspiracy, was a relatively small player dealing only with a single codefendant).  Furthermore, application of the career offender guideline in this case would have the effect of counting Powell's prior offenses twice -- once under the armed career criminal statute, 18 U.S.C. § 924(e), which converts Powell's three prior felonies and his present conviction under § 922(g) into a fifteen-year mandatory minimum sentence, and again under the career offender guideline, U.S.S.G. § 4B1.1, which increases the applicable minimum to thirty years based on Powell's commission of two qualifying drug offenses prior to his present conviction under § 924(c).  Finally, Powell faces additional punishment in Maryland for having violated the terms of his probation by committing the present offenses, a factor ignored by the Guidelines scheme for calculating his criminal history score. (*See* PSIR at 11.)  In light of the foregoing, the Court determines that neither Powell's criminal history nor his present offense is sufficient to merit the additional twelve or more years of imprisonment resulting from an application of the career offender provision in his case. *See United States v. Phelps*, 366 F.Supp 2d 580, 590 (E.D. Tenn. 2005) ("[I]t is not unusual that the technical definition[] of . . . 'controlled substance offense' operate[s] to subject some defendants to not just substantial, but extraordinary increases in their advisory Guidelines ranges.").

Relatedly, the term of imprisonment required under the career offender guideline is not reflective of Powell's likelihood of recidivism. Notably, as the United States Sentencing Commission concluded in its 2004 report, *Fifteen Years of Guidelines Sentencing*, "preliminary analysis of the recidivism rates of drug trafficking offenders sentenced under the career offender guideline based on prior drug convictions shows that their rates are much lower than other offenders who are assigned to criminal history category VI." United States Sentencing Comm'n,

*Fifteen Years of Guidelines Sentencing: An Assessment of How Well the Federal Criminal Justice System is Achieving the Goals of Sentencing Reform*, at 133-34 (Nov. 2004) ("The overall rate of recidivism for category VI offenders two years after release from prison is 55 percent . . . [b]ut the rate for offenders qualifying only on the basis of prior drug offenses is only 27 percent."). Moreover, due to Powell's personal situation, there is a far lesser risk of recidivism than is presumed by the career offender guideline. Like his mother and other members of his family, Powell is afflicted with a degenerative neurological disorder -- Charcot-Marie-Tooth Disease -- entailing a progressive, debilitating weakening of his limbs. (*See* PSIR at 13.) Powell has already suffered difficulties with his legs as a result of the illness, and at the end of the twenty-year sentence required here, Powell will be 47 years old and far more limited by his disease.

## CONCLUSION

For these reasons, the Court has concluded that a non-Guideline sentence of twenty years' imprisonment and eight years' supervised release -- the statutory minimum -- is more than sufficient to reflect the seriousness of Powell's offense and his criminal history, promote respect for the law, protect the public and meet the goal of deterrence.

*[signature]*
ELLEN SEGAL HUVELLE
United States District Judge

Date:  November 28, 2005