UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 05-0061 (ESH) |
| ) | |
| KEVIN POWELL, ) | |
| ) | |
| Defendant. ) | |

FILED
MAR 0 6 2008
NANCY MAYER WHITTINGTON, CLERK
DISTRICT COURT

## MEMORANDUM OPINION

Defendant Kevin Powell was convicted by a jury of two gun charges and two drug charges. On appeal, the D.C. Circuit vacated the conviction of one count for unlawful possession with intent to distribute cocaine base, also known as crack, within one thousand feet of a school (Count II). *United States v. Powell*, 503 F.3d 147, 149 (D.C. Cir 2007). The case was therefore remanded so that this conviction could be vacated. *Id.* On remand, defendant has filed a Memorandum in Support of Defendant's Position with Respect to Resentencing and Remand ("Def.'s Mem."), asking the Court to resentence him and to apply the recent amendments to the United States Sentencing Guidelines (U.S.S.G. or Guidelines). (Def.'s Mem. at 1-2.) For the reasons set forth below, the Court finds that defendant is not here for resentencing, and even if he were, he cannot invoke the benefits of the amendments to the Guidelines, since he did not receive a Guideline sentence. Accordingly, defendant's request is denied.

## BACKGROUND

On June 29, 2005, defendant was convicted after a jury trial of unlawful possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C §§ 841(a)(1) and (b)(1)(B)(iii) (Count I); unlawful possession with intent to distribute cocaine within 1000 feet of

a school in violation of 21 U.S.C. § 860(a) (Count II); carrying a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1) (Count III); and unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) (Count IV).

The presentence investigation report ("PSIR") identified Powell's applicable Guideline range as 360 months to life imprisonment. (PSIR at 16.) The report grouped his convictions on Counts I, II, and IV, and established a base offense level of 28. (*Id.* at 6.) Based on Powell's three prior felonies, it calculated his criminal history at ten points, placing him in criminal history category V. (*Id.* at 8-11.) This offense level and criminal history category – when adjusted for the required consecutive sentence to be served as a result of Powell's conviction on Count III for carrying a firearm during a drug trafficking offense – would have resulted in a Guideline range of 190 to 212 months. *See* U.S.S.G. Ch. 5, Pt A.

However, because of the applicability of the Guidelines' Career Offender provisions, Powell's Guideline range was not determined by the sentencing table, but by U.S.S.G. § 4B1.1. (PSIR at 16.) Under those provisions, because he was over the age of eighteen at the time of the charged offenses, was being convicted for a controlled substance offense, and had at least two prior felony convictions for controlled substance offenses, Powell was determined to be a career offender, and his Guideline range was set at 360 months to life imprisonment. (*Id.*)

This Court, however, declined to treat Powell as a career offender under the Guidelines, and thus, refused to apply § 4B1.1 of the Guidelines. Instead, it imposed only the statutorily-required mandatory minimum terms. (11/28/05 Mem. Op. at 4-5.) For the Count I conviction, the required minimum term of imprisonment was 10 years and four years supervised release. 21 U.S.C. § 841(b)(1)(B)(iii). On Count II, the Court imposed five years and eight years supervised

2

release. 21 U.S.C. § 860(a). For Count IV, the required mandatory minimum term was set by statute at 15 years under the Armed Career Criminal Act. 18 USC § 924(e)(1). The Court ordered that these three sentences were to be served concurrently. Powell's conviction on Count III mandated a five-year minimum sentence to be served consecutively to any other term of imprisonment 18 U.S.C. § 924(c). The Court, noting that section 4B1.1 of the Guidelines "overstates Powell's criminal history and the nature of the present offense" and taking account of his personal situation, refused to follow the Guidelines and sentenced Powell to 20 years imprisonment, followed by eight years supervised release, which was the minimum available under the applicable statutes. (11/28/05 Mem. Op. at 4, 6.)

Before the D.C. Circuit, Powell challenged his convictions on Counts I and II based on sufficiency of the evidence. He also challenged the enhancement of his sentence as a felon in possession based on his designation as an armed career criminal pursuant to 18 U.S.C. § 924(e)(1). The Circuit Court rejected all of Powell's claims, except that the government conceded on appeal that insufficient evidence was presented at trial to sustain the conviction of Count II. *Powell*, 503 F.3d at 149. The Court concluded that the "conviction for violating § 860(a) must therefore be vacated. Affirmed in part, vacated in part and remanded." *Id.*

Defendant's memorandum contends that, pursuant to the D.C. Circuit's decision, his case is now before this Court for resentencing. (Def.'s Mem. at 1-2.) At this resentencing, he seeks to benefit from the 2007 amendments to the Sentencing Guidelines. *See* Notice of Final Action Regarding Amendments to Policy Statements §1B1.10, Effective March 3, 2008, 73 Fed. Reg. 217 (Jan. 2, 2008); Notice of Submission to Congress of Amendments to the Sentencing Guidelines, 72 Fed. Reg. 28558 (May 21, 2007). Specifically, he suggests that both amendment 706, which reduced base offense levels for crack cocaine convictions, and amendment 709,

which changed language in section 4A1.2 regarding the method for computing a defendant's criminal history category, entitle him to a reduction in his sentence. (Def.'s Mem. at 3.)

## ANALYSIS

Contrary to defendant's argument, this matter is not before the Court for resentencing. Even if it were, Powell cannot benefit from the Guidelines amendments, because he was not given a Guideline sentence. He received only the statutorily-required mandatory minimum terms of incarceration on each count. Moreover, even though the Court departed from the Guidelines in sentencing defendant, defendant's resentencing memorandum misconstrues the applicability of the recent amendments, for neither amendment 706 nor amendment 709 has any affect on his properly computed Guideline range.

After review, proceedings in a district court are to conform to the mandate of the reviewing Circuit. *Pike Rapids Power Co. v. Minneapolis, St. P. & S. S. M. Ry. Co.*, 106 F.2d 891, 894 (8th Cir. 1939). The mandate issued by the D.C. Circuit in this case limits this Court to vacating Powell's Count II conviction only. *Powell*, 503 F.3d at 149. It does not, as defendant contends, reopen the matter for resentencing. *See The Pocahontas*, 111 F.2d 451, 452 (2d Cir. 1940) ("[T]he trial court on return of mandate may not disturb the provisions of its original judgment, save to the extent directed by the mandate."); *United States v. Whren*, 111 F.3d 956, 960 (D.C. Cir. 1997) ("[U]pon a resentencing occasioned by a remand, unless the court of appeals expressly directs otherwise, the district court may consider only such new arguments or new facts as are made newly relevant by the court of appeals' decision -- whether by the reasoning or by the result.").

Moreover, even were this Court inclined to interpret the Circuit Court's directive to permit resentencing, the Court has no ability to decrease defendant's 20-year term of

incarceration. Powell was given the statutorily-required mandatory minimum sentences on three counts. Neither vacation of the Count II conviction nor the recent Guidelines amendments has *any* effect on the statutorily-required terms of incarceration that were imposed on Counts I, III and IV.[1] *See Neal v. United States*, 516 U.S. 284, 294 (1996) (noting that the Sentencing Commission has "no authority to override" an applicable statute); *see also* § 1B1.10 app. note 1(A) (affirming that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with this policy statement if . . . an amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of . . . another statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment).").

The sentence Powell is currently serving was established by statute, not by the Sentencing Guidelines. But even if the amendments to the Guidelines could be referred to, which they cannot, amendments 706 and 709 would not change defendant's Guideline range. Powell was classified as an armed career criminal under section 4B1.1, and it was that section, not those dealing with drug quantity or his criminal history, that raised his Guideline range to 360 months to life imprisonment. (PSIR at 16.) Amendments 706 and 709 are therefore simply irrelevant.

## CONCLUSION

For the foregoing reasons, defendant's request for resentencing in accordance with the November 2007 amendments to the Sentencing Guidelines is **DENIED**. Pursuant to the decision

---

[1] Vacation of the Count II conviction does, however, reduce Powell's overall term of supervised release. Under 21 U.S.C. § 860(a), Powell was required to serve an eight-year term of supervised release for that conviction. The terms of supervised release imposed by this Court on the other counts were four years on Count I, three years on Count III, and two years on Count IV, with all terms to be served concurrently. Absent the Count II conviction, Powell's longest term of supervised release is now four years.

5

of the D.C. Circuit, Powell's conviction in Count II for violation of 21 U.S.C. § 860(a) is **VACATED**. His convictions on the three remaining counts remain, and the term of incarceration remains at 240 months, but the term of supervised release is reduced from eight to four years.

_____
ELLEN SEGAL HUVELLE
United States District Judge

Date:   March 6, 2008