UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

MAR 0 7 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

KEVIN A. POWELL,                        )
                                        )
                    Petitioner,         )
                                        )
            v.                          )    Civil Action No. 08-00394 (ESH)
                                        )    Criminal No. 05-061
UNITED STATES OF AMERICA,               )
                                        )
                    Respondent.         )
                                        )

## MEMORANDUM OPINION

Petitioner Kevin Powell has filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence

Pursuant to 28 U.S.C. § 2255.  In it, he seeks to vacate his conviction for using or carrying a firearm

during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1) (Count III) and unlawful

possession of a firearm and ammunition after having been convicted of a crime punishable by more

than a year in violation of 18 U.S.C. § 922(g)(1) (Count IV).  He argues that (1) appellate counsel

was ineffective for failing to challenge the sufficiency of the Indictment with respect to Count III,

and (2) the Court incorrectly applied the armed career offender enhancement under 18 U.S.C. §

924(e) to his conviction under Count IV.  As explained herein, neither argument has merit.

## ANALYSIS

The Court has recently set out the procedural history relevant to this case in a Memorandum

Opinion issued on March 6, 2008.  In that Opinion, the Court thoroughly explained the sentences

imposed on each count.  Further, pursuant to the opinion of the D.C. Circuit in petitioner's direct

appeal, *see United States v. Powell*, 503 F.3d 147 (D.C. Cir. 2007), the Court vacated petitioner's

conviction on Count II, but rejected his argument that he was entitled to benefit from the November

2007 amendments to the United States Sentencing Guidelines because petitioner did not receive a Guidelines sentence. Rather, his sentences on Counts I, III, and IV were statutorily mandated. (Mem. Op. at 5.)

Now defendant turns his attention to the gun charges in Counts III and IV. With respect to Count III, he appears to claim that counsel was ineffective for not challenging the sufficiency of the Indictment. This count properly charged the offense as it appears in 18 U.S.C. § 924(c). And, contrary to petitioner's argument, Count III did not, as in *United States v. Combs*, 369 F.3d 925 (6th Cir. 2004), "intermix[] elements of the two different crimes" set forth in 18 U.S.C. § 924(c). *Id.* at 934.[1]

Moreover, the Court's instructions on Count III did not mention "possession." Rather, the Court instructed that to convict on Count III, the government had to prove beyond a reasonable doubt that defendant "carried a firearm . . . during and in relation to a drug trafficking offense." These instructions, unlike those in *Combs*, 369 F.3d at 933-34, did not confuse or conflate the two separate and distinct offenses set forth in 18 U.S.C. § 924(c).[2] Therefore, there can be no argument that appellate counsel's performance was ineffective.

Petitioner's second claim regarding his sentence of 15 years on Count IV is also meritless. The jury found petitioner guilty of being a felon-in-possession under 18 U.S.C. § 922(g), and pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), the Court imposed a mandatory sentence of 15 years. Petitioner challenges this sentence on the grounds that being a "felon-in-possession" is not a violent felony and therefore cannot serve as the basis for an enhancement under

---

[1] It also bears noting that the Indictment was never read or provided to the jury.

[2] In *Combs*, the indictment and the court's instructions were found to be in error because they charged defendant with "possess[ing] a firearm during and in relation to" a drug-trafficking crime -- utilizing one element from each of the two distinct § 924(c) offenses." *Id.*

18 U.S.C. § 924(e).[3]  The felon-in-possession conviction in Count IV did not, however, cause petitioner's sentence to be increased to 15 years.  Rather, petitioner had three previous convictions for "serious drug offenses" within the meaning of 18 U.S.C. § 924(e)(2), and it was these offenses (*not* the felon-in-possession conviction) that resulted in petitioner's designation as an armed career criminal subject to a mandatory minimum sentence of 15 years of imprisonment.  It therefore was not possible for trial counsel to have argued that "petitioner should not have been sentenced as an armed career offender because [of] his felon-in-possession conviction pursuant to 18 U.S.C. § 922(g)(1)." (Pet.'s Mot. at 6.)[4]

## CONCLUSION

For these reasons, petitioner's motion is **DENIED**.

_____
ELLEN SEGAL HUVELLE
United States District Judge

Date:   March 7, 2008

_____

[3] Petitioner frames his claim as one of "actual innocence" -- that is, he argues that he is "actually innocent" of the armed career offender enhancement. (Pet. Mem. at 5.)  This doctrine has no relevance.  Petitioner's argument is simply that the Court erred in its determination that petitioner's criminal history qualified him for the enhancement.